THE MERCHANTS' INSURANCE COMPANY OF NEWARK, PLAINTIFF IN ERROR, v. EDWARD P. GIBBS, DEFEND-ANT IN ERROR.

1. A demand by an insurance company for further proof is a waiver of the right to object to the failure of the insured to furnish proofs of loss within the time limited by the policy.

2. The demand for a notary's certificate in this case was not a demand for amended proofs of loss. Such certificate is no part of the proofs of loss, and need not be furnished with or annexed to the proofs of loss.

In error.

For the plaintiff in error, Oscar Jeffery.

For the defendant in error, Henry S. Harris.

The opinion of the court was delivered by

VAN SYCKEL, J.    This suit was brought by Gibbs against the Merchants' Insurance Company to recover the loss occasioned by fire to his insured goods.

The judgment recovered by Gibbs in the court below is assailed under two exceptions.

First, for the refusal of the trial court to nonsuit.

This motion was based upon two grounds, the first of which was that the proofs of loss were not furnished within the time required by the conditions of the insurance policy.

The policy requires that the proofs of loss be submitted to the company within sixty days after the fire.

The fire occurred April 3d, 1891, and the proofs of loss were served upon the company June 22d, 1891.

Suit was commenced April 2d, 1892.

It is agreed, therefore, that the proofs were not furnished within the prescribed time, but it appeared in evidence that, after the defendant company had received these proofs, a demand was made upon the insured that he should furnish to the company the certificate of the nearest magistrate or notary that he believed that insured had honestly sustained loss by the fire to a specified amount.

The conditions of the policy entitled the company to make such a demand, and with this demand the insured complied.

Under the adjudicated cases in this state, this clearly constituted a waiver of the objection that the proofs were not furnished in time.    *Jones* v. *Mechanics' Fire Insurance Co.,*

7 *Vroom* 29; *State Insurance Co.* v. *Maackens,* 9 *Id.* 564; *Hibernia Insurance Co.* v. *Meyer,* 10 *Id.* 482; *Martin* v. *State Insurance Co.,* 15 *Id.* 485.

The second ground relied upon for nonsuit was that the plaintiff below had no insurable interest in the property destroyed by the fire, but this objection cannot prevail because there was evidence upon which the jury had a right to find that the insured was the lawful owner of the property insured.

The other assignment of error is based upon an exception to the refusal of the trial court to charge that if the insured did not present his amended certificate until March 17th, 1892, then his right of action did not accrue until sixty days thereafter, and the action having been commenced before that time elapsed, the suit was prematurely instituted and no recovery could be had.

The policy provides that the company shall become liable to pay the loss sixty days after proofs of loss have been duly furnished, and that no action shall be sustainable upon the policy unless commenced within twelve months after the fire.

There is a further provision that the insured, if required, " shall furnish a certificate of the magistrate or notary public (not interested in the claim as creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

The company did not demand notary's certificate until nearly eleven months after the fire, so that if the insured had waited sixty days after such demand before he had issued his summons in this suit, his action would have been barred by the twelve months' limitation.

The demand for notary's certificate was not a demand for amended proofs of loss. Such a certificate is no part of the proofs of loss, and it need not be furnished with or annexed to the proofs of loss.

It is outside of the proofs of loss, and is required by the terms of the policy only on express demand by the company for it.

As before stated, the proofs of loss were served June 22d, 1891.

There was no exception taken by the company to these proofs.

The loss was payable at the expiration of sixty days from June 22d, 1891. The suit, therefore, was instituted within the time limited by the policy and not before the due day.

There is no error in the proceedings of the trial court, and the judgment should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GARRISON, LIPPINCOTT, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SMITH.    12.

*For reversal*—None.