[No. 5846. Decided November 22, 1905.]

F. P. EGAN, *Respondent,* v. MERCHANTS FIRE ASSOCIATION, *Appellant.*[1]

INSURANCE—PROOFS OF LOSS—CERTIFICATE OF MAGISTRATE NO PART —ACCRUAL OF ACTION. Under a fire insurance policy providing that suit shall not be commenced until sixty days after the proofs of loss are furnished, and that a certificate of a magistrate that the loss was honestly sustained shall be furnished "if required," the certificate is no part of the proofs of loss, and suit commenced sixty days after furnishing proofs is not premature, although less than sixty days had elapsed since the furnishing of the certificate; and the company could not by demanding the certificate, delay the bringing of the action.

1 Reported in 82 Pac. 898.

33—40 WASH.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 18, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a fire insurance policy. Affirmed.

*Blaine, Tucker & Hyland (Frank T. Reid,* of counsel), for appellant.

*Ballinger, Ronald, Battle & Tennant* and *F. E. Brightman,* for respondent.

HADLEY, J.—This is an action to recover for loss by fire. Prior to the fire, the defendant had issued its policy of insurance upon a stock of merchandise and fixtures, and also upon household goods. The plaintiff, by assignment, is the owner of the interest of the assured. The cause was tried by the court without a jury, and resulted in a judgment for the plaintiff. The defendant has appealed.

The only question urged upon the appeal is that the action was prematurely brought. The policy provides that the loss shall be payable sixty days after satisfactory proofs have been received and the loss ascertained by the assured and by the association. The property insured was destroyed by fire on February 20, 1904, and the insured at once notified the company. Within a week after the receipt of such notice, the company's adjuster called upon the insured, and on March 8, the latter made an affidavit setting forth the fact that the loss had occurred, but not stating the extent thereof. The purpose of the affidavit seems to have been to admit that the adjuster was present to hold a preliminary examination into the facts and circumstances, and to agree that the insured would, when requested, submit to further examination regarding his property, his financial condition, and the origin of the fire. Soon afterwards, the adjuster again visited the insured, examined him on the subjects above mentioned, and prepared two affidavits, which the insured signed on March

18.    These relate to the source from which the assured obtained the money which was invested in his business, and the amount invested; but they enter into no particulars relating to the fire.

Thereafter, on April 1, the insured presented to the appellant, in writing, what was upon its face designated as "proof of loss." This writing was prepared upon a blank form furnished by the appellant, and it entered into details as to the loss. Attached to it was an invoice list of goods, with the value of each item which the insured claimed was lost by the fire. There was also attached a list of property claimed to have been saved from the fire, and also a statement showing the total insurance on the property, in what companies the same was insured, and the amounts of each.

The writing was verified by the oath of the insured. On April 4 the appellant, by letter, acknowledged receipt of this writing, and designated it "purported proofs of loss," saying that it had been referred to appellant's adjuster, J. H. McKowen, at Spokane, who had entire charge and authority in the matter, and to whom all communications should be addressed. Thereafter, on April 25, said McKowen, acting as adjuster, by letter requested the insured to furnish the company the following:

"A certificate of a magistrate or notary public, not interested in the claim as a creditor or otherwise, or related to you, living nearest the place of the fire; stating that he has examined the circumstances, and believes that you have honestly sustained loss, to the amount sworn to in your statement made on the 18th of March, 1904, I will present your claim to the company for consideration."

On May 7 the insured, in compliance with said request, forwarded such certificate. The action was commenced June 24.

It will be seen that the action was commenced less than sixty days after the certificate was furnished, but more than sixty days after the writing called "proof of loss" was fur-

nished to appellant. Appellant contends that the certificate was a necessary part of the proof of loss. Under the terms of the policy, we do not think it was. The policy provides absolutely that the assured shall furnish certain specified information concerning the loss. The certificate of the magistrate or notary is to be furnished only "if required." The assured gave full information concerning the loss strictly as provided by the policy. He could not know that the magistrate's certificate would be "required," as that was a matter that depended entirely upon the will of the insurer. The insured was under no obligation to furnish it, unless it was demanded. But he was obligated to furnish the proof of loss. The certificate contained no additional information as to the fact of the loss, but simply amounted to a statement of facts from a disinterested person, which appellant could require or not at its pleasure. Appellant had the right to demand the certificate, and it having been demanded before the action was commenced, the furnishing of it then became a condition precedent to the right to sue. But the mere fact that it was furnished did not make it a part of the proof of loss. The same contention appellant makes here was made in *Merchants' Ins. Co. v. Gibbs,* 56 N. J. L. 679, 29 Atl. 485, 44 Am. St. 413. The court held against it, and said:

"The demand for notary's certificate was not a demand for amended proofs of loss. Such a certificate is no part of the proofs of loss, and it need not be furnished with or annexed to the proofs of loss. It is outside of the proofs of loss, and is required by the terms of the policy only on express demand by the company for it."

The statement of the facts hereinbefore set out shows that the assured was diligent in bringing to the attention of the appellant the facts concerning the loss. The adjuster made two trips to see the assured, and required him to sign affidavits which appellant demanded. He subjected him to a detailed examination as the basis of the affidavits, but care-

fully avoided including therein the statement of such facts as are ordinarily made in support of proof of loss. The assured, however, protected his own rights and, following the adjuster's last departure, he prepared and forwarded to the appellant the formal proof of loss strictly as required of him by the policy. Appellant was thus fully informed of the loss by the necessary written proofs more than sixty days before this suit was commenced, and it cannot extend the time of its due day merely by demanding and receiving a magistrate's or notary's certificate which is no part of the proof of loss.

The action was not prematurely brought, and the judgment is affirmed.

MOUNT, C. J., FULLERTON, RUDKIN, CROW, DUNBAR, and ROOT, JJ., concur.